SCAD-13-0000057

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

STEVEN B. SONGSTAD, Respondent.

---

ORIGINAL PROCEEDING
(ODC 06-088-8428, 08-008-8651, 08-030-8673, 09-043-8766,
09-044-8767, 09-045-8768, 09-079-8802, 09-083-8806, 09-101-8824,
10-004-8838, 10-005-8839, 10-035-8869, 10-037-8871, 11-028-8952)

ORDER OF DISBARMENT
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.

Upon consideration of the Disciplinary Board's report and recommendation to disbar Respondent Steven B. Songstad and upon full consideration of all the evidence in the record, this court reaches the following findings and conclusions by clear and convincing evidence; specifically,

In ODC Case No. 06-088-8428, Songstad unreasonably delayed the filing of the client's complaint for twenty-two months, failed to consult the client concerning the substantive allegations in the case and the means by which to pursue them or to inform the client of Songstad's opinion the case had no merit, failed to communicate the procedural status of the litigation or to inform the client of Songstad's unavailability during the

winter months, and failed to respond to lawful court notices or to perform required legal work, resulting in the Final Order of Dismissal of his client's complaint, in violation of Rules 1.1, 1.3, 1.4(a), 1.4(b), 2.1, and 3.2 of the Hawaiʻi Rules of Professional Conduct (HRPC). In addition, Songstad abandoned the representation, thereby failing to take reasonable steps to protect Graham's interests or to timely transfer Graham's files to identified successor counsel, in violation of HRPC Rule 1.16(d), and failed to respond to ODC's repeated inquiries into the matter, necessitating the issuance of a subpoena, the directives of which he subsequently failed to obey, in violation of HRPC Rules 8.1(b) and 8.4(d).

In ODC Case. No. 08-008-8651, Songstad's failure to perform any work on the client's matter after October, 2005, the subsequent abandonment of the client's representation, and Songstad's failure to transfer to the court clerk the videotapes related to the litigation violated HRPC Rules 1.1, 1.3, 3.2, 1.15(f)(4), and 1.16(d). Songstad's failure to respond to ODC's inquiries in the matter, necessitating the issuance of a subpoena, and his unavailability for service of process, violated HRPC Rules 8.1(b) and 8.4(d).

In ODC Case No. 08-030-8673, Songstad, by failing, despite more than seven extensions, to file an opening brief in consolidated appeal No. 26128 before the Intermediate Court of Appeals (ICA) during a two-year period, or to respond to the ICA's November 30, 2006 court order to show cause for his inaction, violated HRPC Rules 1.1, 1.3, 3.2, and 3.4(e). His

2

subsequent failure to respond to the ICA's November 16, 2007 order to show cause or the court's subsequent December 28, 2007 order imposing sanctions and directing him to file an affidavit of proof of payment, constitute additional, separate violations of HRPC Rule 3.4(e). His failure to respond to ODC's inquiries into the matter, requiring the issuance of a subpoena, and his subsequent failure to obey the directives therein, violated HRPC Rules 8.1(b) and 8.4(d).

In ODC Case No. 09-043-8766, by failing to file an opening brief in an appellate matter before the ICA over an eighth month period or to respond to the December 3, 2008 order by the ICA to show cause for his inaction, despite diligent attempts by the clerk's office to contact him, Songstad violated HRPC Rules 1.1, 1.3, 3.2, and 3.4(e). By failing to respond to ODC inquiries into the matter, necessitating the issuance of a subpoena, and his failure to demonstrate good cause for his subsequent failure to obey the subpoena and to present himself at ODC's offices at the appointed date and time, Songstad violated HRPC Rules 8.1(b) and 8.4(d).

In ODC Case No. 09-044-8767, by failing to pursue the client's litigation for more than eighteen months, or to communicate with the clients concerning the status of their claim or how best to pursue it, Songstad violated HRPC Rules 1.1, 1.2(a), 1.3, 1.4(a) and 1.4(b). By failing to respond to ODC's initial inquiries, necessitating the issuance of a subpoena, and by failing to obey the directives of the subpoena by failing to present himself at ODC's offices at the appointed date and time,

3

Songtad violated HRPC Rules 8.1(b) and 8.4(d).

In ODC Case Nos. 09-045-8768 and 09-079-8802, by failing to timely file required documents in a consolidated appeal to the ICA in Case No. 29588 and by failing to respond to the ICA's June 25, 2009 lawful court order in the appeal regarding his inaction, Songstad violated HRPC Rules 1.1, 1.3, 3.2, and 3.4(e). By failing to respond to ODC's inquiries in the matter, necessitating the issuance of a subpoena, and by failing to appear as commanded at the date and location set forth in the subpoena, Songstad violated HRPC Rules 8.1(b) and 8.4(d).

In ODC Case No. 09-083-8806, by failing to advance the client's litigation between August, 2006 and November, 2009, resulting in the dismissal of the client's complaint, Songstad violated HRPC Rules 1.1, 1.3, and 3.2. By failing to communicate with the client between April, 2007 and September, 2009, including informing the client of the dismissal of the complaint, Songstad violated HRPC Rules 1.4(a) and 1.4(b).

In ODC 09-101-8824, by failing to timely advance the litigation and, after receiving notice of the impending dismissal of the complaint, failing to take steps to protect his client's interests, Songstad violated HRPC Rules 1.1, 1.3, 1.4(b) and 3.2. By failing to monitor the status of the litigation so as to be unaware it had been dismissed due to his failures to take required actions, Songstad violated HRPC Rules 1.1 and 1.3. By misrepresenting to the successor attorney the steps Songstad had taken in the litigation, Songstad violated HRPC Rule 8.4(c). By failing to respond to the requests from the client and the

4

successor attorney for the client's files, Songstad violated HRPC Rule 1.16(d).  By failing to reply to ODC's three separate inquiries into the matter, necessitating the issuance of a subpoena, by failing to make himself available for service, and by failing to fully respond to ODC's reasonable inquiries, Songstad violated HRPC Rule 8.1(b) and 8.4(d).

In ODC Case No. 10-004-8838, by failing to reduce the contingency fee agreement with the client to writing, and by depositing the settlement funds into his client trust account using a non-preprinted deposit slip, Songstad violated HRPC Rules 1.5(c) and 1.15(b), respectively.  By failing to promptly provide the client with an accounting of the settlement funds or to deliver the funds due to the client, Songstad violated HRPC Rules 1.3,  1.15(f)(3) and 1.15(f)(4).  By drawing funds from his client trust account below the level representing the funds held in trust for the client in question, Songstad misappropriated those funds, totaling $7,735.13, in violation of HRPC Rule 1.15(c).  By failing to respond to ODC's inquiries, necessitating the issuance of a subpoena, and by failing to make himself available for service, Songstad violated HRPC Rules 8.1(b) and 8.4(d).

In ODC Case No. 10-005-8839, by failing to initiate the client's requested litigation over a nine-month period or to respond to the client's reasonable requests concerning the status and pursuit of the matter, Songstad violated HRPC Rules 1.3, 1.4(a), 1.4(b), and 3.2.  By failing to respond to ODC's inquiries, necessitating the issuance of a subpoena, and by

failing to make himself available for service, Songstad violated HRPC Rules 8.1(b) and 8.4(d).

In ODC Case No. 10-035-8869, by failing to reduce the contingency fee agreement to writing, Songstad violated HRPC Rule 1.5(c).  By failing to complete required stages in the litigation, resulting in the dismissal of the complaint, failing to inform the client of the dismissal or to otherwise communicate with him, and by misrepresenting the status of the matter to the client a month after the dismissal was entered, Songstad violated HRPC Rules 1.3, 1.4(a), 1.4(b), 3.2 and 8.4(c).  By failing to respond to ODC's inquiries into the matter, Songstad violated HRPC Rules 8.1(b) and 8.4(d).

In ODC Case No. 10-037-8871, by failing to supervise or train his staff, over whom he had direct supervisory authority, to ensure ODC's inquiries were effectively transmitted to him while he was away from his office for an extended period of time, Songstad violated HRPC Rule 5.3(b).  By missing three successive court appearances on his client's behalf, without good cause demonstrated, and subsequently failing to inform the client of his suspension from the practice of law, Songstad violated HRPC Rules 1.3, 1.4(a), 1.4(b), and 1.16(d).  Though the record is insufficient to support the conclusion, by clear and convincing evidence, that Songstad did not earn the $7,000.00 fee paid by the complainant, it does support the conclusion that, by failing to provide the client with an accounting of the client funds, sufficient to justify his refusal to provide a refund, Songstad violated HRPC Rule 1.15(f)(3).

In ODC Case No. 11-028-8952, by drafting legal documents for a former client and advising the client on the client's civil action during the period of Songstad's suspension from the practice of law, Songstad violated HRPC Rule 5.5. By failing to respond to ODC's inquiries into the matter, Songstad violated HRPC Rule 8.1(b) and 8.4(d).

In aggravation, we find by clear and convincing evidence a prior disciplinary record evincing similar misconduct, a pattern of misconduct over time, vulnerable clients, a selfish motive, multiple violations in the present matter, bad faith obstruction of the disciplinary process by intentionally failing to comply with orders of the disciplinary agency, a refusal to acknowledge the wrongful nature of the conduct in the record, substantial experience in the practice of law, and an indifference to making restitution. We find no mitigating factors. Therefore, disbarment being an appropriate sanction,

IT IS HEREBY ORDERED that Respondent Steven B. Songstad is disbarred from the practice of law in the State of Hawaiʻi effective thirty days after the entry of this order.

IT IS FURTHER ORDERED that Respondent Songstad shall, in accordance with Rule 2.16(d) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH), file with this court within 10 days after the effective date of his disbarment, an affidavit showing compliance with RSCH Rule 2.16(d) and this order.

IT IS FURTHER ORDERED that Respondent Songstad shall pay $18,333.33 in restitution to Randal Draper, and $100.00 in restitution to Kurt Butler, and further that any future

7

reinstatement to the practice of law shall be contingent upon proof of such payment being made, in addition to any requirements imposed pursuant to RSCH Rules 2.3, 2.16, and 2.17.

IT IS FINALLY ORDERED that Respondent Songstad shall pay all costs of these proceedings as approved upon the timely submission of a bill of costs and an opportunity to respond thereto, as prescribed by RSCH Rule 2.3(c).

DATED:  Honolulu, Hawaiʻi, April 17, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.



/s/ Sabrina S. McKenna

/s/ Richard W. Pollack